Paid

13

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Joseph Montez Loggin, Sr.,
Plaintiff,

v.

City of Detroit,
Melissa Renee Chehabi, in her official and individual capacity,
Ryane Lapearl King, in her official and individual capacity,
Lindsay A. Rogan, in her official and individual capacity,
Defendants.
_____/

Case: 2:25-cv-11786
Assigned To : Murphy, Stephen J., III
Referral Judge: Altman, Kimberly G.
Assign. Date : 6/13/2025
Description: CMP LOGGIN V. CITY OF DETROIT ET AL (AB)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 (FIRST, SIXTH AND FOURTEENTH AMENDMENT)

### INTRODUCTION

1. Plaintiff Joseph Montez Loggin, Sr., brings this civil rights action under 42 U.S.C. § 1983 to redress violations of his rights under the First, Sixth, and Fourteenth Amendment.

2. On May 17, 2025, the 36th District Court, imposed a no-contact order on Plaintiff without a filed appearance, evidentiary hearing or individualized findings.

3. On May 28, 2025, Plaintiff appeared for a scheduled pretrial hearing and invoked his right to self-representation in open court. Despite his appearance, a bench

Civil rights action under 42 U.S.C. § 1983                                        1

warrant was issued for failure-to-appear. The warrant was issued without cause and appears retaliatory.

4. These action deprived Plaintiff of his liberty, familial contact, and ability to defend himself, without adequate legal justification or process.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because Plaintiff brings claims under the U.S. Constitution and federal civil rights statutes.

6. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in the Eastern District of Michigan.

## PARTIES

7. Plaintiff Joseph Montez Loggin, Sr. is a private resident of Detroit, Michigan, and the named defendant in an ongoing criminal matter in the 36th District Court (Case No. 2025-2504532601).

8. Defendant City of Detroit is a municipal corporation responsible for the Detroit Police Department and liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for policies or customs that led to the constitutional violations herein.

9. Defendant Melissa Renee Chehabi is an Assistant Wayne County Prosecutor. She is not sued for her prosecutorial decisions, but for her role in approving

arraignment and pretrial administrative enforcement actions that violated Plaintiff's rights.

10. Defendant Ryane Lapearl King is also an Assistant Wayne County Prosecutor. She is not sued for her prosecutorial decisions, but for her role in approving pretrial administrative enforcement actions that violated Plaintiff's rights.

11. Defendant Lindsay A. Rogan is a police officer for the City of Detroit, responsible for investigating or enforcing the no-contact order and related arrest warrant. She is sued in her official and individual capacities for injunctive and declaratory relief. Regardless of the order's judicial origin, Defendants Rogan and City of Detroit are responsible for its continued enforcement without legal justification, subjecting them to injunctive relief under federal law.

**FACTUAL ALLEGATIONS**

12. On May 15, 2025, Plaintiff was arrested for an alleged misdemeanor domestic violence offense (M.C.L. 750.812) involving his spouse, Tanisha Lashay Loggin. No visible injuries or harm were observed or documented at the scene.

13. Plaintiff was detained and subjected to biometric data collection without a prior judicial determination of probable cause, violating the standards articulated in Gerstein v. Pugh, 420 U.S. 103 (1975).

14. On May 17, 2025, Plaintiff was arraigned before a magistrate in the 36th District Court. The court entered a not-guilty plea, set bond at $25,000 personal recognizance, and imposed a blanket no-contact order, *See Exhibit A.*

15. The no-contact order was issued without an evidentiary hearing, affidavit, or individualized findings, infringing upon Plaintiff's procedural due process rights under the Fourteenth Amendment.

16. Plaintiff is lawfully married to the protected person and shares parenting responsibilities with the covered family members.

17. Plaintiff is proceeding as self-represented in the criminal case and requires communication with his spouse to prepare an adequate defense.

18. On or around May 28, 2025, Plaintiff appeared for a scheduled hearing in the 36th District Court and made an on-the-record assertion of his right to self-representation. Despite this, a bench warrant was issued alleging failure to appear. Plaintiff contends this action was retaliatory and directly linked to his assertion of constitutional rights, as he was present in court and there is no legitimate basis for a failure-to-appear finding.

19. Plaintiff asserts that enforcement of the no-contact order and related arrest warrant is retaliatory and selective, not supported by a compelling governmental interest.

20. Plaintiff has not made threats or posed harm to the protected party, and enforcement continues without any updated risk assessment.

21. Plaintiff remains subject to the enforcement of the order, facing ongoing deprivation of liberty, familial contact, and access to witnesses for defense.

## CLAIMS FOR RELIEF

**COUNT I – FIRST AND 14TH AMENDMENT** (Retaliation & Family Association)

22. Plaintiff incorporates paragraphs 1 through 21 as if fully stated herein.

23. The no-contact order burdened Plaintiff's family association without due process, violating the First and Fourteenth Amendments.

24. Defendants Rogan, Chehabi and King, acting individually and under color of state law, enforced or approved these restrictions without legal basis, in violation of Plaintiff's rights.

25. The issuance of a warrant shortly after Plaintiff asserted his right to self-representation supports a strong inference of retaliatory motive, satisfying the test set forth in *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).

## COUNT II – SIXTH AMENDMENT (Right to Self-Representation and Witness Access)

26. Plaintiff incorporates paragraphs 1 through 25.

27. The order prevents Plaintiff from contacting his spouse, a key witness, thereby obstructing his ability to prepare a defense and confront witnesses.

28. This violates the Sixth Amendment. See *Faretta v. California*, 422 U.S. 806 (1975).

## COUNT III – FOURTEENTH AMENDMENT (Procedural Due Process – Pretrial Orders)

29. Plaintiff incorporates paragraphs 1 through 28.

30. The orders were imposed without notice, hearing, or individualized findings, violating procedural due process. See *Mathews v. Eldridge*, 424 U.S. 319 (1976).

## COUNT IV – MUNICIPAL LIABILITY (MONELL CLAIM) (Policy or Practice of Constitutional Violations)

31. Plaintiff incorporates paragraphs 1 through 30.
32. The City of Detroit, through its police department and legal officers, has a pattern or practice of enforcing blanket no-contact orders and related warrants without due process.
33. This policy or failure to train caused the constitutional violations alleged see *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF

34. Plaintiff lacks an adequate remedy at law. He continues to suffer irreparable harm from restrictions on liberty, family contact, and legal defense.
35. Plaintiff satisfies the four-factors standard for injunctive relief set forth in *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008):
    a. Likelihood of Success on the Merits: Plaintiff alleges plausible constitutional violations supported by fact and law.
    b. Irreparable Harm: Continued enforcement of unconstitutional orders results in daily loss of liberty and constitutional rights.
    c. Balance of Equities: An injunction would prevent unlawful enforcement without harming any legitimate state interest.
    d. Public Interest: Protecting constitutional rights serves the public interest.
36. Plaintiff does not challenge his prosecution, only the process and enforcement of arraignment and pretrial restrictions. He does not seek to vacate any judgement but requests equitable relief to ensure due process. This Complaint does not seek to interfere with, delay, or terminate the ongoing prosecution, but solely challenges the constitutionality of arraignment and pretrial enforcement procedures

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that the no-contact order and arrest warrant violated the First, Sixth, and Fourteenth Amendments to the U.S. Constitution;
2. Issue preliminary and permanent injunctive relief prohibiting:
    A. Enforcement of the no-contact order without judicial findings;
    B. Enforcement of warrants issued without legal or factual basis;
    C. Enjoin retaliatory or selective enforcement based on Plaintiff's protected conduct;
    D. Grant any other relief deemed just and proper.

### Verification Under 28 U.S.C. § 1746

I, Joseph Montez Loggin, Sr., declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed of on June 10, 2025.

Respectfully submitted,

/s/ By: Loggin, Joseph M.
Joseph Montez Loggin, Sr.
Plaintiff, In Pro Per
c/o 18637 Albion Street
Detroit, Michigan 48234
(313) 736-0084
Jloggin2009@yahoo.com

Exhibit A



☒ 36th District Court    Exhibit A
☐ Third Judicial Court

Date: 5/(7/25

## THE STATE OF MICHIGAN

vs.

_____Loyquin, Joseph_____
DEFENDANT'S NAME

_____
DOCKET NO.

$25,000 PB
PERSONAL BOND AMOUNT

You have been granted release pending resolution of the above case. As a condition of your release you must contact the Pretrial Services Agency of Third Circuit Court, who will be monitoring your release conditions.

**Pretrial Services**
*(within 24 hours)*
Frank Murphy Hall of Justice
1441 St. Antoine, Room 931
Detroit, Michigan 48226
(313) 224-5898
8:30 - 2:30

Pretrial Services will review your conditions of release and provide you with reporting instructions.

Failure to contact Pretrial Services within the 24 hour time frame is considered a violation of your release and can result in a warrant being issued.

5/28
_____
POLICE OFFICER

Exhibit A

Court: 338/Austin William Garrett



**DEFENDANT NAME**

Joseph Loggin

State of Michigan
36th District Court
421 Madison
Detroit, MI 48226-2358
36thdistrictcourt.org

## DO NOT REPORT TO THE COURTHOUSE FOR THIS HEARING

Dear Remote Parties:

The 36th District Court uses Zoom meeting services to conduct <u>virtual</u> courtroom proceedings.

**Do not report to the Courthouse for this hearing.** You must connect to the <u>virtual</u> courtroom at the time of the proceeding.

### TO CONNECT TO THE VIRTUAL COURT ROOM AT THE TIME OF THE PROCEEDING:

**For a Smartphone, Tablet, or Desktop Computer:**
1. Go to the 36th District Court web page, www.36thdistrictcourt.org
2. Under the "I Want To" heading, select, "Join Zoom Hearing"
3. Find **Courtroom 338/Judge Austin William Garrett** and click "Join Zoom Hearing"

**For Phone Call Connection Only:**
1. Call 929-436-2866
2. Enter Meeting ID: **360-338-0000**.

### To remind you of your upcoming court date by email or text, visit the 36th District Court web page to sign up for court date reminders:

1. Go to the 36th District Court web page, www.36thdistrictcourt.org
2. Under the "I Want To" heading, select, "Get Court Date Reminders"
3. Follow the instructions and fill out the form

It is your obligation and responsibility to ensure you have the equipment and networking needed for a successful call. If you are unable to appear at this virtual court hearing, you must contact your attorney and reply to this notice to alert the Court. **If you are unable to appear for this virtual court hearing and you do not have an attorney, you must notify the Court by calling 313-965-2294.**

**Technical Responsibilities:** The Court does not provide technical assistance for testing or troubleshooting. In addition, the Court does not provide time during court

proceedings to troubleshoot issues. It is your responsibility to ensure that your connection works before your court date.

**Testing Windows, Apple, or Android devices:** Directions for testing your device and networking prior to the proceeding can be found at:
https://support.zoom.us/hc/en-us/articles/201362313-How-Do-I-Test-My-Video-

**Technical Support:** The court uses Zoom meeting services for the Virtual Court Room experience. If you are having TECHNICAL issues with your equipment, you should review the Zoom training and support materials at: https://www.zoom.us/. Please understand that Zoom is an independent service provider and will have NO knowledge of your court case or legal issues.

**Local Court Policy:**
- A virtual court room proceeding and/or teleconference is a court proceeding and therefore an extension of the court room and appropriate conduct and attire are expected and required.

- Remote participants should use a good WiFi connection or a substantial LTE mobile data plan to ensure a quality connection. (Note: Mobile data use may incur substantial cellular carrier charges which are the responsibility of the remote participant.)

- Remote participants must use a private and quiet room that will be free of interruptions. (Outdoor, car, or public places are not permitted.) Also, video meetings need good, consistent lighting, so avoid rooms with bright windows and/or back-lighting.

- Remote participants must place their mobile devices on a solid surface with the camera at eye level. Do not hold mobile devices in your hand and do not lay phones or tablets flat on a desk or table top.

- Remote participants should take time prior to the call to become familiar with the controls and test the microphone and speaker controls.

- If the Court determines the quality of the video experience is not acceptable, it has the right to terminate the call.

- The judge has full power over remote participants as if they were present in the physical court room.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph Montez Loggin, Sr.

## DEFENDANTS
City of Detroit; Melissa Renee Chehabi; Ryane Lapearl King; Lindsay A. Rogan

**(b)** County of Residence of First Listed Plaintiff: Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se Plaintiff: Joseph Montez Loggin, Sr.,
c/o 18637 Albion Street, Detroit, Michigan 48234
Phone (313) 736-0084

Attorneys *(If Known)*

County in which action arose: Wayne

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | PROPERTY RIGHTS | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY / 370 Other Fraud | LABOR | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
|  |  | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  |  | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | FEDERAL TAX SUITS | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | IMMIGRATION | 871 IRS - Third Party 26 USC 7609 |  |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / Other: | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 540 Mandamus & Other | 465 Other Immigration Actions |  |  |
|  | 550 Civil Rights |  |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983 - Civil Rights Violations (First, Sixth, and Fourteeth Amendments)

Brief description of cause:
Seeking injunctive and declaratory relief for unconstitutional arraignment amd pretrial restrictions

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE: Austin William Garrett
DOCKET NUMBER: 2025-2504532601

DATE: June 12, 2025
SIGNATURE OF ATTORNEY OF RECORD: By: Loggin, Joseph M. [signature]

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes :